IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL AUTO GROUP, INC.,
c/o Chris McPhie
777 Canton Road
Akron, OH 44312

and

MOTOR CAR CREDIT CO., INC.,
c/o Chris McPhie
777 Canton Road
Akron, OH  4312

Plaintiffs,

vs.

VAN DEVERE, INC.
dba Vandevere Auto Outlet
c/o Michael J. Van Devere
3201 Cormany Road
Akron, OH 44319

and

BRANDON BREE
2920 House Drive
Coventry Township, OH 44319-1788,

Defendants.

Case No.: _____

JUDGE _____

**COMPLAINT INJUNCTIVE RELIEF
AND DAMAGES**

**(Jury Demand Endorsed Hereon)**

NOW COME Plaintiffs National Auto Group, Inc. ("National Auto") and Motor Car Credit Company, Inc. ("Motor Car"), by and through their attorneys, and for their Complaint hereby aver, allege and pray:

**PARTIES**

1.      National Auto is a limited liability company organized and existing under the laws of the State of Ohio, with its headquarters in Summit County, Ohio.  National Auto is

engaged in the used car business – particularly "buy here, pay here" and/or "retail installment contract" financing.  It is also a "JD Byrider" franchisee and operates its business under the "JD Byrider" brand.

2.     Motor Car is a limited liability company organized and existing under the laws of the State of Ohio, with its headquarters in Summit County, Ohio.  Motor Car is the financing arm of National Auto.

4.     Upon information and belief, Defendant Van Devere, Inc. ("Van Devere") is an Ohio corporation, with its principal place of business in Akron, Ohio. Upon information and belief, Van Devere is the number one used car dealer in Akron.

5.     Upon information and belief, Defendant Bree is an individual domiciled in Coventry Township, Ohio.  Bree was employed by National Auto/Motor Car in Summit County, Ohio from January 29, 2019 to January 20, 2020. Bree is currently a Sales and Leasing Consultant for Van Devere.

## THE DISPUTE

6.     This is an action for: (1) Breach of contract; (2) tortious interference; (3) misappropriation/conversion of trade secrets and/or confidential information; (4) an accounting; (5) unjust enrichment; (6) unfair competition; (7) conversion; (8) civil theft; and (10) injury due to criminal act.

7.     This action seeks injunctive relief to prevent Defendants from unlawfully and unfairly competing with Plaintiffs by (a) directly or indirectly soliciting customers Bree worked with while at National Auto/Motor Car; (b) misappropriating their trade secrets and/or confidential, proprietary information and using that information to interfere with Plaintiffs'

business relationships with their customers; and (c) engaging in other unlawful and unfair competition.

8.       Plaintiffs also seek damages and attorneys' fees from Defendants for their wrongful and unlawful acts.

## FACTUAL ALLEGATIONS

9.       Plaintiffs are engaged in used car business – particularly "buy here, pay here" and/or "retail installment contract" financing.

10.      Plaintiffs' success is based in substantial part on confidential, proprietary information developed and used by them, as well as trade secrets not disclosed to the general public or to their competitors.  As an employee of National Auto/Motor Car, Bree was provided with and had access to confidential, proprietary information and trade secrets developed and used by Plaintiffs  – including financial information, sales information, price lists, the identity of, lists and financial information of Plaintiffs' customers; marketing strategy and research; sales orders, memoranda, notes and records pertaining to customer orders; marketing information and strategies; and other information regarding Plaintiffs' methods, processes, services, customers, operations and business – all of which Bree was advised were not intended for dissemination.

11.      To prevent disclosure of their confidential, proprietary information and trade secrets to competitors and other outsiders, Plaintiffs required employees to execute written agreements providing for the protection and continued confidentiality of Plaintiffs' confidential information and trade secrets.  Those requirements were set forth in a written *Confidentiality and Non-Compete Agreement* with Bree.

12.      As part of his *Agreement* (attached hereto), Bree specifically promised: (1) not to engage in any competitive business for 2 years after the end of his employment with Plaintiffs,

3

within 50 miles of any National Auto location; (2) not to use or disclose any of Plaintiffs' confidential information; (3) to return all of Plaintiffs' property and information upon the termination of his employment; and (4) to refrain from diverting Plaintiffs' customers or clients for 2 years after the end of his employment. *Agreement* ¶¶2-4.

13.     If Bree violates any of those promises, the *Agreement* entitles Plaintiffs to specific enforcement and other injunctive relief.  *Id.* ¶7.

14.     By law and by agreement, if Bree breaches the *Agreement* and Plaintiffs are forced to obtain a court order for enforcement of the *Agreement's* restrictive covenants, those restrictive covenants run from the date court enforcement begins.  *Id.* ¶8.

15.     Bree signed and agreed to the terms of the *Agreement.*

16.     The protections accorded in the *Agreement* are essential to Plaintiffs' ability to successfully conduct their business. Absent those protections, former employees like Bree will be able to unfairly compete against Plaintiffs, raid their customers, render Plaintiffs' contracts with their customers meaningless, and otherwise irreparably damage Plaintiffs.

17.     Bree's employment at National Auto ended in January 2020, when Bree quit because he was not making sufficient sales or money.

18.     Bree began working for Van Devere less than 8 miles from the National Auto location where he was formerly employed. Even worse, Bree solicited Plaintiffs' customers – the same customers Bree served and sold to during his National Auto/Motor Car employment (using information obtained during his National Auto/Motor Car employment). Worst of all, Bree was aware those customers were in long-term contractual relationships with Plaintiffs but deliberately directed those customers to abandon their vehicles purchased from National Auto and to cease all payments due pursuant to their retail installment contracts for those vehicles. Bree even moved

those vehicles -- without Plaintiffs permission or approval. In other words, Bree deliberately pursued customers he knew were in contractual relationships with Plaintiffs and instructed them to abandon their recently-purchased vehicles and cease all contractual payments *so Defendants could sell Plaintiffs' customers a replacement vehicle.*

## COUNT ONE
## BREACH OF CONTRACT (BREE ONLY)

19.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 18 of their Complaint as if fully rewritten herein.

20.     The restrictive covenants in Bree's agreement(s) with Plaintiffs are necessary to protect Plaintiffs' legitimate business interests – most notably, Plaintiffs relationships with their customers, their contracts with those customers, and their confidential, proprietary information and/or trade secrets.

21.     Bree's actions described above constitute intentional, direct and material breaches of his agreement(s) (described above).

22.     Bree's violations caused irreparable injuries to Plaintiffs.

23.     Plaintiffs will suffer substantial monetary losses, as well as loss of goodwill, if Bree is permitted to continue to breach his agreement(s).

24.     Plaintiffs have no adequate remedy at law with respect to Bree's violations of the agreement(s). Unless the Court enjoins Bree from violating his agreement(s), Plaintiffs will be irreparably injured.

25.     Bree's violations of the agreement(s) have and/or will damage Plaintiffs in an amount in excess of $25,000, to be fully determined at trial.

## COUNT TWO
## TORTIOUS INTERFERENCE

26.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 25 of their Complaint as if fully rewritten herein.

27.     As an employee of National Auto/Motor Car, Bree was (and is) aware of numerous contracts between Plaintiffs and their customers (including retail installment contracts).  Plaintiffs also have business relationships with their customers, which Bree was (and is) aware of through his employment with Plaintiffs.  Through Bree, Van Devere is also aware of those contracts and business relationships.

28.     Despite their knowledge of those contracts and business relationships, Defendants intentionally solicited and diverted Plaintiffs' customers.  Those acts may have been done using Plaintiffs' trade secrets and/or confidential information. Those acts could not have been accomplished without directing Plaintiffs' customers to (a) abandon their vehicles purchased from Plaintiffs and (b) cease all payments due pursuant to their retail installment contracts for those vehicles. Defendants committed those acts in violation of their legal obligations to Plaintiffs.

29.     Defendants lack any legally-protected justification for their actions.

30.     Plaintiffs have no adequate remedy at law with respect to Defendants' tortious interference.  Unless the Court grants injunctive relief, Plaintiffs will be irreparably injured.

31.     As a result of Defendants' willful, malicious, tortious and wrongful actions, Plaintiffs have (and will continue to be) damaged by Defendants' conduct, in an amount in excess of $25,000, to be fully determined at trial. Defendants' tortious interference was done willfully, maliciously and fraudulently, thereby entitling Plaintiffs to punitive damages and recovery of their costs and attorneys' fees.

## COUNT THREE
## MISAPPROPRIATION/CONVERSION OF TRADE SECRETS AND/OR CONFIDENTIAL INFORMATION

32.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 31 of their Complaint as if fully rewritten herein.

33.     Defendants have misappropriated and converted Plaintiffs' confidential, proprietary information and/or trade secrets, to their benefit and Plaintiffs' detriment. Defendants' actions were willful and malicious.

34.     Plaintiffs' confidential, proprietary information and/or trade secrets are of distinct financial and strategic importance to Plaintiffs, have independent economic value from not being generally known, are not known to third parties, and are the subject of reasonable efforts to maintain their confidentiality.

35.     Defendants' actions described above constitute misappropriation and conversion of Plaintiffs' confidential, proprietary information and/or trade secrets – in violation of the Bree's agreement(s), Ohio's Uniform Trade Secrets Act, R.C. §1333.61 *et. seq.* and/or the federal Defend Trade Secrets Act, 18 U.S.C. §1386 *et seq.*

36.     As a result of Defendants' misappropriation and conversion of confidential, proprietary information and/or trade secrets, Plaintiffs will suffer substantial monetary losses as well as the loss of market share, loss of competitive advantage in the marketplace, and loss of goodwill.

37.     Plaintiffs have no adequate remedy at law with respect to Defendants' actions and unless this Court enjoins Defendants from continuing to utilize Plaintiffs' confidential, proprietary information and trade secrets, Plaintiffs will be irreparably injured.

38.     Plaintiffs have been damaged by Defendants' conversion and misappropriation of confidential information, proprietary information and/or trade secrets, in an amount in excess of $25,000, to be fully determined at trial.  Plaintiffs are also entitled to double damages pursuant to 18 U.S.C. §1836 and treble damages pursuant to Ohio Revised Code §1333.63(B).

## COUNT FOUR
## ACCOUNTING

39.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 38 of their Complaint as if fully rewritten herein.

40.     Plaintiffs lack an adequate remedy at law for Defendants' misappropriation of Plaintiffs' confidential, proprietary information and/or trade secrets. Plaintiffs cannot know the extent of their injuries without an accounting of Defendants' earnings and income.

41.     For that reason, Plaintiffs request this Court order Defendants to account for all earnings made through Defendants' wrongful conduct to date.

## COUNT FIVE
## UNJUST ENRICHMENT

42.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 41 of their Complaint as if fully rewritten herein.

43.     Defendants have utilized Plaintiffs' confidential, proprietary information and/or trade secrets to their benefit and to Plaintiffs' detriment.  They have also converted Plaintiffs' business opportunities.  Defendants' actions in wrongfully obtaining and retaining those benefits violate fundamental principles of justice, equity and good conscience.  Defendants' actions were willful and malicious.

44.     Defendants' actions described above constitute actionable unjust enrichment.

45.     As a result of Defendants' unjust enrichment, Plaintiffs will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

46.     Plaintiffs have been damaged by Defendants, and Defendants have been unjustly enriched in an amount in excess of $25,000, to be fully determined at trial.

## COUNT SIX
## UNFAIR COMPETITION

47.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 46 of their Complaint as if fully rewritten herein.

48.     Defendants' conduct (described above) constitutes unfair competition. Defendants' actions were willful and malicious.

49.     As a result of Defendants' unfair competition, Plaintiffs will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

50.     Plaintiffs have no adequate remedy at law with respect to Defendants' unfair competition.  Unless the Court grants injunctive relief, Plaintiffs will be irreparably injured.

51.     Because of Defendants' unfair competition, Plaintiffs have been damaged in an amount in excess of $25,000, to be fully determined at trial.  Defendants' unfair competition against Plaintiffs was done willfully, maliciously and fraudulently, thereby entitling Plaintiffs to punitive damages and recovery of their costs and attorneys' fees.

## COUNT SEVEN
## INTENTIONAL CONVERSION

52.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 51 of their Complaint as if fully rewritten herein.

53.     Plaintiffs were the owners of certain property – their confidential information and/or trade secrets.

54.     Defendants obtained control and possession Plaintiffs' confidential information and/or trade secrets through Bree.

55.     Instead of using Plaintiffs' confidential information and/or trade secrets solely for Plaintiffs' business purposes, Defendants unlawfully and intentionally used said property of Plaintiffs to compete against Plaintiffs -- to Plaintiffs' detriment and irreparable harm. Defendants' conduct constitutes intentional conversion.

56.     Defendants' conversion proximately damaged Plaintiffs in an amount exceeding $25,000, to be more fully determined at trial.

57.     Defendants' conversion against Plaintiffs was done willfully, maliciously and fraudulently, thereby entitling Plaintiffs to punitive damages and recovery of their costs and attorneys' fees.

## COUNT EIGHT
## CIVIL THEFT

58.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 57 of their Complaint, as if fully rewritten herein. In addition, in at least one instance, Defendants took possession of Plaintiffs'/Plaintiffs' customers vehicle and, without consent of anyone authorized to give consent, moved the vehicle from Van Devere's premises to an Akron City Park.

59.     One or both Defendants' misconduct described herein constitutes a theft offense under Ohio Revised Code §§2913.02 and 2913.04.

60.     As a direct and proximate result of one or both Defendants' civil theft, Plaintiffs have been damaged in an amount exceeding $25,000, to be more fully determined at trial.

61.     As a result of one or both Defendants' commission of civil theft, and pursuant to R.C. §2307.61, Plaintiffs are entitled to liquidated damages equal to three times the amount of their compensatory damages, plus their reasonable costs and attorneys' fees.

## COUNT NINE
## INJURY DUE TO CRIMINAL ACT

62.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 61 of their Complaint, as if fully rewritten herein.

63.     One or both Defendants' misconduct described herein constitutes theft crimes under Ohio Revised Code §§2913.02 and 2913.04.

64.     As a direct and proximate result of one or both Defendants' criminal misconduct described above, Plaintiffs have been damaged in an amount exceeding $25,000, to be more fully determined at trial.

65.     Pursuant to R.C. § 2307.60, Plaintiffs are entitled to recover their damages for Defendants' criminal misconduct against them.

66.     One or both Defendants' criminal misconduct against Plaintiffs was done willfully, maliciously and fraudulently, thereby entitling Plaintiffs to punitive damages and recovery of their costs and attorneys' fees.

WHEREFORE, Plaintiffs pray:

1.     That an injunction be issued against the Defendants against using Plaintiffs' confidential information/trade secrets and interfering with or soliciting Plaintiffs' customers currently under contract.

2.     That Defendants be restrained and enjoined from using Plaintiffs' trade secrets, confidential information and/or other property and be required to immediately return all of Plaintiffs' trade secrets, confidential information and/or other property.

3.     That Defendants be restrained and enjoined from divulging, disclosing or communicating to any other person, firm, corporation or business entity (other than Plaintiffs), Plaintiffs' trade secrets and/or confidential information.

4.      That Bree be ordered to abide by the covenants in his agreement, including an extension of those covenants for all periods during which the covenants were violated.

5.      That the Court award damages against Defendants for income and profits Plaintiffs lost (and may lose in the future) as a result of Defendants' misconduct, including damages for Plaintiffs' loss of income/profit, loss of market share, and loss of goodwill – in an amount in excess of $25,000, to be fully determined at trial.

6.      That the Court award Plaintiffs all other damages Defendants caused Plaintiffs to suffer, in an amount to be fully determined at trial (and in excess of $25,000.)

7.      That the Court order an accounting of Defendants' earnings and income.

8.      That the Court order Defendants to disgorge any profits, earnings or revenues which properly belong to Plaintiffs.

9.      That Plaintiffs be awarded double damages pursuant to 18 U.S.C. §1836 and treble damages pursuant to Ohio Revised Code §1333.63(B) and §2307.61.

10.      That Plaintiffs be awarded injunctive relief pursuant to the agreements and 18 U.S.C. §1030.

13.      That the Court award Plaintiffs such other and further relief as it deems just and proper, including but not limited to punitive damages and attorneys' fees, as permitted by law.

Respectfully submitted,

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)
**ROETZEL & ANDRESS, LPA**
222 S. Main Street
Akron, Ohio 44308
Telephone 216.615.4850
Fax: 216.623.0134
bfreeman@ralaw.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable, by the maximum number of jurors permitted by law.

*/s/ Barry Y. Freeman*