UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL AUTO GROUP, INC., et al., | ) | CASE NO. 5:20-cv-2543 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| VAN DEVERE, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' application for default judgment against defendant Brandon Bree ("Bree") pursuant to Fed. R. Civ. P. 55(b)(1) in the amount of $15,560.71 (Doc. No. 15 ["Application"]), which the Court construes as a motion under Fed. R. Civ. P. 55(b)(2). For the reasons that follow, plaintiffs' motion, as construed under Rule 55(b)(2), is denied without prejudice.

**A. Background**

Plaintiffs National Auto Group, Inc. and Motor Car Credit Co., Inc. (collectively, "plaintiffs") are in the business of selling and financing the sale of used cars. (Doc. No. 1 (Complaint ["Compl."]) ¶¶ 1, 2, 9.) Bree was employed by plaintiffs and, in connection with his employment, signed a confidentiality and non-compete agreement on January 29, 2019. (Doc. No. 1-1 ["Agreement"].) The Agreement required Bree to protect plaintiffs' confidential information and trade secrets and not to engage in any competitive business with plaintiffs for two (2) years after the end of his employment. (*See* Compl. ¶¶ 10–12, 15; Agreement ¶ 3.)

In January 2020, Bree left his employment with plaintiffs. (*Id.* ¶ 17.) Plaintiffs allege that Bree began working for defendant Van Devere within two (2) years and less than eight (8) miles from his former employer and that he solicited plaintiffs' customers and directed them to

abandon the vehicles they purchased from plaintiffs so that defendants could sell those customers replacement vehicles. (*Id.* ¶ 18.)

Plaintiffs assert a breach of contract claim against Bree (*id.* ¶¶ 19–25), and several claims against both defendants for tortious interference with business relationships (*id.* ¶¶ 26–31), misappropriate of trade secrets (under state and federal law) (*id.* ¶¶ 32–37), unjust enrichment (*id.* ¶¶ 42–46), unfair competition (*id.* ¶¶ 47–51), conversion (*id.* ¶¶ 52–57), civil theft (*id.* ¶¶ 58–61), and injury due to criminal theft (*id.* ¶¶ 62–66). Among other relief, plaintiffs seek an accounting from defendants (*id.* ¶¶ 39–41).

Plaintiffs dismissed defendant Van Devere from this action with prejudice pursuant to a settlement agreement. (*See* Doc. Nos. 9, 13.) They then applied to the Clerk for entry of default against defendant Bree, and default was entered. (*See* Doc. Nos. 11, 12.)

**B. Discussion**

**1. Federal Rule of Civil Procedure 55(b)(1)**

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against Bree pursuant to Rule 55(a). (*See* Doc. Nos. 11, 12.) After entry of default, default judgment may be entered by the Clerk under Fed. R. Civ. P. 55(b)(1) in limited circumstances "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due[.]" Plaintiffs seek default judgment against Bree pursuant to Fed. R. Civ. P. 55(b)(1). Plaintiffs do not indicate for which of the nine (9) counts asserted against Bree they seek default judgment, but request that default judgment be entered in the amount of $15,560.71, consisting of: (1) $400.00 for the civil filing fee, (2) $2,520.00 in attorney fees, and (3) $12,640.17 in damages. (Application at 91[1].)

---

[1] Page numbers refer to the page identification number generated by the Court's electronic docketing system.

A claim for damages under Rule 55(b)(1) "is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Highway Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc*., 318 F.3d 1, 19 (1st Cir. 2003)). Plaintiffs' Rule 55(b)(1) application for default judgment fails because the information supplied by plaintiffs in support of the default award sought does not satisfy this standard.

First, plaintiffs submit the declaration of Attorney Barry Freeman to support their Rule 55(b)(1) sum certain claim for $2,520.00 in attorney fees based upon the Agreement, which provides a remedy for attorney fees. (Doc. No. 15-1 ["Barry Decl."] ¶ 3; Application at 91 n.1.) But the Agreement between Bree and plaintiffs provides that plaintiffs are "entitled to recover *reasonable* costs and attorney fees incurred . . . to enforce this Agreement." (Agreement ¶ 7 (emphasis added).) Plaintiffs Rule 55(b)(1) default judgment claim in the amount of $2,520.00 for the remedy of "reasonable" attorney fees fails because what constitutes a reasonable fee must be determined by the Court and is "not a claim for a sum certain or a sum that can be made certain by computation that falls under Rule 55(b)(1) for purposes of the Clerk of Court entering a default judgment." *Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *1 (W.D. Mich. Sept. 28, 2009). Accordingly, plaintiffs' $2,520.00 claim for attorney fees is ineligible for default judgment under Rule 55(b)(1). *Id*. ("The need for the Court to determine what constitutes a "reasonable" attorney fee in this case precludes the Clerk from entering a default judgment under Rule 55(b)(1).") (collecting cases).

With respect to plaintiffs' Rule 55(b)(1) claim for damages in the amount of $12,640.17, plaintiffs submit the declaration of owner and officer Greg Barrett ("Barrett"). (Doc. No. 15-2

["Barrett Decl."].) Attached to Barrett's declaration are two redacted "*Retail Installment Contracts* referenced in Plaintiffs' *Complaint*" for two (2) used vehicles. (*See* Barrett Decl. ¶ 2 (emphasis in original).) Barrett's declaration then refers to attached "Accountings" documents which he avers show mitigated losses of $12,640.71 allegedly resulting from Bree's conduct with respect to the "Retail Installment Contracts." (*Id.* ¶¶ 2, 3.) But Barrett's declaration and attached documents do not establish a sum certain as to damages. First, the complaint does not reference any specific retail installment contracts that Bree allegedly interfered with either by the number of contracts, vehicles involved, or otherwise.[2] Second, Barrett's declaration does not provide any information about when the retail installment contracts Bree allegedly interfered with were breached by the signatories to those installment contracts and resulting damages, or what mitigation efforts were undertaken, including whether the remedies provided to plaintiffs by those installment contracts were pursued. Accordingly, the Court finds that plaintiffs have not provided sufficient information to leave "no doubt" as to the amount of damages claimed in their Rule 55(b)(1) application. *See e.g., State Farm Fire & Cas. Co. v. Avant Styles LLC*, No. 3:20-

---

[2] Barrett does not specifically identify the portion of the complaint referenced in his declaration, but it appears to the Court that Barrett is referencing paragraph 18:

> Bree began working for Van Devere less than 8 miles from the National Auto location where he was formerly employed. Even worse, Bree solicited Plaintiffs' customers—the same customers Bree served and sold to during his National Auto/Motor Car employment (using information obtained during his National Auto/Motor Car employment). Worst of all, Bree was aware those customers were in long-term contractual relationships with Plaintiffs but deliberately directed those customers to abandon their vehicles purchased from National Auto and to cease all payments due pursuant to their retail installment contracts for those vehicles. . . . Bree deliberately pursued customers he knew were in contractual relationships with Plaintiffs and instructed them to abandon their recently-purchased vehicles and cease all contractual payments *so Defendants could sell Plaintiffs' customers a replacement vehicle.*

(Compl. ¶ 18 (emphasis in original).)

cv-00300, 2021 WL 981552, at *4 (M.D. Tenn. Mar. 16, 2021) (denying Rule 55(b)(1) default judgment application where plaintiff provided insufficient evidence for the Clerk to establish a sum certain claim for damages); *Highway Com. Servs.,* 2008 WL 4115512, at *2 (denying Rule 55(b)(1) application for default judgment because date of alleged default is not part of the record and liquidated damages are not readily determinable).

"The Clerk of Court may enter a default judgment under Rule 55(b)(1) only if the plaintiff's entire complaint and all of the plaintiff's claims are for a sum certain or a sum that can be made certain by computation." *Van Zeeland Oil Co.*, 2009 WL 10678619, at *2. In this case, plaintiffs' default judgment claims for attorney fees and damages fail to satisfy the requirements of Rule 55(b)(1), and plaintiffs' application for default judgment under Rule 55(b)(1) is denied.

### 2. Fed. R. Civ. P. 55(b)(2)

Where, as here, all of plaintiffs' default judgment claims cannot be determined under Rule 55(b)(1), the issue of default judgment must be decided under Rule 55(b)(2). Therefore, the Court construes plaintiffs' application for default judgment pursuant to Rule 55(b)(1) as a motion for default judgment under Fed. R. Civ. P. 55(b)(2). *Conetta v. Nat'l Hair Care Ctrs., Inc.,* 186 F.R.D. 262, 268 (D. R.I. 1999) ("A case is either for a 'sum certain' or not. A party must choose one of the two procedures offered by Fed. R. Civ. P. 55(b)[.]"), *affd,* 236 F.3d 67 (1st Cir. 2001); *Van Zeeland Oil Co.*, 2009 WL 10678619, at *2 (a "mixed" complaint seeking damages that could fall under Rule 55(b)(1) and reasonable attorney fees, which are not a sum certain and must be determined under Rule 55(b)(2), must be decided in its entirety under Rule 55(b)(2)) (citing *Int'l Union of Operating Eng'rs, Local 4 v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. July 23, 2007)); *US Foods, Inc. v. EBA Tr., Inc.*, No. 17-cv-326-LM, 2018 WL 4259842, at *1 (D.N.H. July 18, 2018) ("'If the plaintiff is seeking both a sum certain, which would fall

under Rule 55(b)(1), and damages that require judicial determination under Rule 55(b)(2) [such as reasonable attorney fees], the entire matter, including the sum certain, must be determined under Rule 55(b)(2).'") (quoting *Int'l Union of Operating Eng'rs, Local 4*, 243 F.R.D. at 27 n.5).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing or make a referral if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing among authority 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")).

By defaulting, Bree is deemed to have admitted all of plaintiffs' well-pleaded allegations. *AF Holdings*, 976 F. Supp. 2d at 929 ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true.") (citing *Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Reid v. Herrera Harvesting LLC*, No. 2:17-cv-229, 2020 WL 2473491, at *1 (E.D. Tenn. May 13, 2020) (applying Fed. R. Civ. P. 8(a) to a complaint for which plaintiff seeks default judgment).

Plaintiffs do not indicate for which of the nine (9) causes of action asserted against Bree they seek default judgment. Nor do plaintiffs explain how their well-pleaded allegations against Bree, deemed admitted by his default, establish his liability for any or all of the causes of action asserted against him. Bree's admissions by virtue of default do not automatically entitle plaintiffs

6

to a default judgment—the Court "must still determine whether those facts are sufficient to state a claim for relief as to the causes of action for which the plaintiffs seek default judgment." *Chanel, Inc. v. Jermaine Wrice*, No. 5:13-cv-891, 2015 WL 521144, at *3 (N.D. Ohio Feb. 9, 2015) (citing *J & J Sports Prods., Inc. v. Rodriguez,* No. 1:08–cv–1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted)); *see also Wireless Env't, LLC v. Mikafentech, Inc.*, No. 16-cv-517, 2016 WL 2997590, at *1 (N.D. Ohio May 25, 2016) (In order to achieve default judgment, "[t]he pleadings must establish a plausible claim for relief[.]") (citing *J & J Sports Prods., Inc.*, 2008 WL 5083149, at *1) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995))). "This means that the Court must 'consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *IOU Cent., Inc. v. Kailani Tours Hawaii, LLC*, No. 1:20-cv-0448-LMM, 2021 WL 806340, at *2 (N.D. Ga. Feb. 24, 2021) (quoting *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (quoting 10A Wright, Miller & Kane, Federal Practice & Procedure § 2688 (3d ed.))).

It is plaintiffs' burden to show that their well-pleaded allegations admitted by Bree establish his liability for each cause of action asserted against him for which plaintiffs seek default judgment. *See IOU Cent., Inc.,* 2021 WL 806340, at *2 ("A plaintiff's burden at the default judgment stage is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'") (quoting *Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1245 (11th Cir. 2015) (further citation omitted)); *see also S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, No. 1:09-cv-00834 AWI GSA, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) (it is the burden of the party seeking default judgment to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient); *Garcia v. Client Resol. Mgmt., LLC*, No. 20-cv-20713,

2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020) (it is the plaintiff's burden to demonstrate in a motion for default judgment that its pleading's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested); *Malibu Media, LLC v. Causa*, No. 1:19-cv-963 (NAM/ML), 2020 WL 5408994, at *2 (N.D.N.Y. Sept. 9, 2020) (before a default judgment may be entered, the reviewing court must determine whether the complaint's well-pleaded allegations state a claim upon which relief can be granted) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Here, plaintiffs' submission in support of default judgment against Bree does not satisfy this burden. Accordingly, plaintiffs' motion for default judgment against Bree under Rule 55(b)(2) is denied without prejudice.

### C. Conclusion

For all the foregoing reasons, plaintiffs' motion and supporting materials are insufficient for either the Clerk of Court or the Court to enter default judgment. Accordingly, plaintiffs' application for default judgment under Fed. R. Civ. P. 55(b)(1) is denied. Additionally, when construed by the Court as a motion for default judgment under Fed. R. Civ. P. 55(b)(2), plaintiffs' motion is denied without prejudice.

Plaintiffs are granted leave until May 24, 2021 to file a properly supported motion for default judgment under Rule 55(b)(2).

**IT IS SO ORDERED**.

Dated: May 10, 2021

                  **HONORABLE SARA LIOI**
                  **UNITED STATES DISTRICT JUDGE**