UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL AUTO GROUP, INC., et al., | CASE NO. 5:20-cv-2543 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| v. | MEMORANDUM OPINION AND ORDER |
| VAN DEVERE, INC., et al., | |
| DEFENDANTS. | |

This matter is before the Court on plaintiffs' second motion for default judgment against defendant Brandon Bree ("Bree") pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. No. 17.) For the reasons that follow, plaintiffs' motion is granted in part and denied in part.

**I.     Background**

According to the complaint, plaintiffs National Auto Group, Inc. and Motor Car Credit Co., Inc. (collectively, "plaintiffs") are in the business of selling and financing the sale of used cars. (Doc. No. 1 ¶¶ 1, 2, 9.) Bree was employed by plaintiffs and, in connection with his employment, signed a confidentiality and non-compete agreement on January 29, 2019. (Doc. No. 1-1.) The agreement required Bree to protect plaintiffs' confidential information and trade secrets and not to engage in any competitive business with plaintiffs for two (2) years after the end of his employment. (*See id.* ¶¶ 10–12, 15; Doc. No. 1-1 ¶ 3.)

In January 2020, Bree left his employment with plaintiffs. (Doc. No. 1 ¶ 17.) Plaintiffs allege that Bree began working for defendant Van Devere within two (2) years and less than eight (8) miles from his former employer, and that he solicited plaintiffs' customers and directed them

to abandon the vehicles they purchased from plaintiffs so that defendants could sell those customers replacement vehicles. (*Id.* ¶ 18.)

Plaintiffs assert a breach of contract claim against Bree (*id.* ¶¶ 19–25), and several claims against both defendants for tortious interference with business relationships (*id.* ¶¶ 26–31), misappropriate of trade secrets (under state and federal law) (*id.* ¶¶ 32–37), unjust enrichment (*id.* ¶¶ 42–46), unfair competition (*id.* ¶¶ 47–51), conversion (*id.* ¶¶ 52–57), civil theft (*id.* ¶¶ 58–61), and injury due to criminal theft (*id.* ¶¶ 62–66). Among other relief, plaintiffs seek an accounting from defendants (*id.* ¶¶ 39 –41).

Plaintiffs dismissed defendant Van Devere from this action with prejudice pursuant to a settlement agreement. (*See* Doc. Nos. 9, 13.) They then applied to the Clerk for entry of default against defendant Bree, and default was entered. (*See* Doc. Nos. 11, 12.) Plaintiffs' first motion for default judgment against Bree was denied without prejudice. (*See* Doc. No. 16.) Plaintiffs' second motion for default judgment against Bree presently before the Court is supported by two declarations by Greg Barret. (Doc Nos. 17-1 and 17-2.)

**II.  Discussion**

**A.  Federal Rule of Civil Procedure 55(b)(2)**

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against Bree pursuant to Rule 55(a). (*See* Doc. Nos. 11, 12.) Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing or make a referral if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing among authority 10A Charles A.

Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")). And "[a]n entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) 'an infant or incompetent person' who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 *et seq.*; or (3) an officer or agency of the United States." *Leach v. Lifeway for Youth, Inc.*, No. 1:07-cv-00200, 2008 WL 1990390, at *1 (S.D. Ohio May 1, 2008) (citing Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note.).[1]

Bree's default does not automatically entitle plaintiff to relief. Legal conclusions in the complaint are not deemed admitted by Bree's default. The Court must determine whether the admitted factual allegations in the complaint, and reasonable inferences derived therefrom, are sufficient to satisfy the elements of plaintiffs' legal claims for which they seek default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (Even though defendant has defaulted, the Court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default.) (citation omitted); *see also Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim.") (citations omitted). It is plaintiffs' burden to show that their well-pleaded allegations

---

[1] To satisfy this requirement with respect to default judgment against Bree, plaintiffs offer the declaration of Greg Barrett, who avers that Bree is a competent adult, is not in the armed forces, and is not an officer of the United States. (*See* Doc. No. 17-2 ¶ 5.)

3

admitted by Bree establish his liability for each cause of action asserted against him for which plaintiffs seek default judgment. *See IOU Cent., Inc. v. Kailani Tours Hawaii, LLC,* No. 1:20-cv-448, 2021 WL 806340, at *2 (N.D. Georgia Feb. 24, 2021) ("A plaintiff's burden at the default judgment stage is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'") (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (further citation omitted)); *see also S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, No. 1:09-cv-834, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) (it is the burden of the party seeking default judgment to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient); *Garcia v. Client Resol. Mgmt., LLC*, No. 20-cv-20713, 2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020) (it is the plaintiff's burden to demonstrate in a motion for default judgment that its pleading's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested).

By defaulting, Bree is deemed to have admitted all of plaintiffs' well-pleaded factual allegations. *AF Holdings*, 976 F. Supp. 2d at 929 ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true.") (citing *Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Reid v. Herrera Harvesting LLC*, No. 2:17-cv-229, 2020 WL 2473491, at *1 (E.D. Tenn. May 13, 2020) (applying Fed. R. Civ. P. 8(a) to a complaint for which plaintiff seeks default judgment).

B. Analysis

Plaintiffs seek default judgment against Bree on plaintiffs' claims for: claims: breach of contract, tortious interference with contract, federal misappropriation of trade secrets, and civil theft.

**1. Breach of contract**

The Court begins with plaintiffs' first claim—breach of contract. To establish a claim against Bree for breach of the confidentiality[2] and non-compete agreement ("agreement") with plaintiffs (Doc. No. 1-1), they must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff.[3] *Alternatives Unlimited-Special, Inc. v. Ohio Dep't of Educ.*, No. 08AP-396, 2008 WL 5160165, at *3 (Ohio Ct. App. Dec. 9, 2008) (citing *Jarupan v. Hanna*, 878 N.E.2d 66 (Ohio Ct. App. 2007)); *see also Moore v. Adams*, No. 2007AP090066, 2008 WL 4907590, at *3 (Ohio Ct. App. Nov. 17, 2008) (same). The well-pleaded allegations in the complaint, deemed admitted by Bree's default establish that plaintiffs are entitled to default judgment against Bree for breach of the agreement.

First, Bree entered the agreement with plaintiffs in consideration of his employment with plaintiffs, and that agreement specified plaintiffs' customer identities and contracts as confidential information and trade secrets. (Doc. No. 1-1 ¶ 2; Doc. No. 1 ¶¶ 11–12.) The agreement provides that Bree would not disclose or use plaintiffs' confidential information and trade secrets except in the best interest of plaintiffs. (Doc. No. 1-1 ¶ 2.)

---

[2] Plaintiffs seek default judgment for breach of contract only with respect to the provision of Bree's agreement regarding plaintiffs' confidential information. (*See* Doc. No. 17 at 3 (All references to page numbers are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.).)

[3] The agreement is governed by the laws of the State of Ohio. (Doc. No. 1-1 ¶ 16.)

Second, plaintiffs performed their obligation under the agreement by providing Bree with employment from January 2019 to January 2020. (*See id.* at 1; Doc. No. 1 ¶ 17; *see also* Doc. No. 17-2 ¶ 5.) Third, Bree breached the provisions of the agreement when he used plaintiffs' confidential information and trade secrets that he obtained from his employment with plaintiffs to identify plaintiffs' customers with vehicle contracts. (*See* Doc. No. 1 ¶¶ 12–18; Doc. No. 1-1 ¶¶ 2–4.) And fourth, plaintiffs were damaged when Bree used plaintiffs' confidential information and trade secrets and caused two of plaintiffs' customers to stop payments on their contracts with plaintiffs and abandon their vehicles under those contracts, resulting in mitigated losses to plaintiffs in the amount of $12,640.71. (*See* Doc. No. 1 ¶ 18; Doc. No. 17-2 ¶¶ 2, 3.)

Having established by Bree's default that he breached the agreement, plaintiffs' motion for default judgment against Bree for breach of contract is granted in the amount of $12,640.71.

Plaintiffs also seek costs consisting of the Court's $400.00 filing fee. (Doc. No. 17 at 7.) The agreement provides that in the event of a breach, plaintiffs are entitled to recover costs. (Doc. No. 1-1 ¶ 7.) Accordingly, plaintiffs' motion for default judgment against Bree to recover costs in the amount of $400.00 is also granted.

**2. Tortious interference with contract and civil theft**

The complaint is replete with allegations that Bree used plaintiffs' confidential customer information and trade secrets without their consent and form the basis of plaintiffs' tortious interference and civil theft claims. Like their breach of contract claim, plaintiffs' tortious interference and civil theft claims are Ohio state law claims and plaintiffs seek damages for each in the amount of $12,640.17 resulting from two customers breaching their contracts and abandoning the vehicles they purchased from plaintiffs. (*See* Doc. No. 17 at 4–5.)

But plaintiffs are not entitled to default judgment on their claim against Bree for civil theft of their confidential information and trade secrets because those claims are displaced by Ohio's Uniform Trade Secrets Act ("OUSTA") and plaintiffs do not seek default judgment under OUSTA. *See Rogers Indus. Prods. Inc. v. HF Rubber Mach., Inc.*, 936 N.E.2d 122, 130 (Ohio Ct. App. 2010) (manufacturer's common law claims against competing manufacturer for unfair competition, tortious interference with contracts, civil theft, and conversion are displaced by OUSTA, which displaces conflicting tort and other state laws providing civil remedies for misappropriation of a trade secrets and confidential information) (citing cases).[4] The same analysis applies to plaintiffs' default judgment claim against Bree for tortious interference with contract. *See Rogers Indus. Prods. Inc.,* 936 N.E.2d at 130.[5]

---

[4] Even if plaintiffs' civil theft claim was not preempted by OUSTA and the well-pleaded factual allegations in the complaint established Bree's liability for civil theft, plaintiffs would not be able to recover the $12,640.71 they seek in damages as they have already been compensated for that injury by the Court's award of default judgment against Bree for breach of contract, and "Ohio law prevents a double recovery for the same injury." *Credit Acceptance Corp. v. Davisson*, Case No.: 1:08-cv-107, 2008 WL 11378851, at * 5 (N.D. Ohio Nov. 24, 2008) (citing *Holeton v. Crouse Cartage Co.*, 748 N.E.2d 1111, 1118 (Ohio 2001)).

[5] To the extent that plaintiffs' tortious interference claim is not displaced by OUSTA, even if the well-pleaded factual allegations in the complaint established Bree's liability for tortious interference with contract, plaintiffs would not be entitled to a double recovery of $12,640.71 in damages. *See Credit Acceptance Corp.*, 2008 WL 11378851, at * 5. Nor would plaintiffs be able to recover an additional $12,640.71 in punitive damages they seek because Bree's actions were "malicious." (*See* Doc. No.17 at 5.) In Ohio, punitive damages are available only upon a showing of actual malice. *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991). "Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 512 N.E.2d 1174 (Ohio 1987) (Syllabus). Beyond conclusory assertions that Bree's actions were "malicious," there are no factual allegations that support this assertion. *See Bearhs v. Steven K. Bierly Trucking Operating Co.*, No. 2:18-cv-1400, 2019 WL 3244023, at *3 (S.D. Ohio July 19, 2019) (finding the plaintiffs' conclusory allegations of malice devoid of factual enhancement are insufficient to support a claim for punitive damages for negligence).

### 3. Misappropriation of trade secrets under the DTSA

The definition of a trade secret and requirements for establishing misappropriation of trade secrets are substantially the same under the Defense of Trade Secrets Act ("DTSA")[6] and OUSTA. *Aday v. Westfield Ins. Co.*, 486 F. Supp. 3d 1153, 1160 n.6 (S.D. Ohio 2020) (collecting cases and citing among authority H.R. REP. 114-529 ("While other minor differences between the UTSA and Federal definition of a trade secret remain, the Committee does not intend for the definition of a trade secret to be meaningfully different from the scope of that definition as understood by courts in States that have adopted the UTSA.")).

In the complaint, plaintiffs allege that their customer and customer contract information are trade secrets (*see* Doc. No. 1 ¶ 10; Doc. No. 1-1 ¶ 2), they have taken reasonable steps to keep the information secret by requiring employees to execute confidentiality agreements (Doc. No. 1 ¶ 11), and that plaintiffs derive economic value from the information not being generally known or ascertainable by the public or their competitors (Doc. No. 1 ¶ 10). While plaintiffs have adequately alleged that the customer information Bree misappropriated is a trade secret under the DTSA, and that Bree used misappropriated their trade secretes as defined by 18 U.S.C. § 1839(5), plaintiffs claim the same injury as in their claim for breach of contract (misappropriation of plaintiffs' customer information to cause two customers to abandon their contracts with plaintiffs

---

[6] "The DTSA defines 'trade secret' as follows: '[a]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

    (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]]'"

*Noco Co. v. CTEK, Inc.*, No. 1:19-cv-00853, 2020 WL 821485, at *6–7 (N.D. Ohio Feb. 18, 2020) (quoting 18 U.S.C. § 1839(3)).

and the vehicles purchased thereunder) and seek the same damages in the amount of $12,640.71. But plaintiffs have already been compensated for that injury by the Court's award of default judgment for breach of contract. Whether cast as a breach of contract claim or DSTA claim, both causes of action arose from the same wrong and resulted in the same injury to plaintiffs—Bree used plaintiffs' trade secret and confidential customer information for his own benefit without plaintiffs' consent and injured plaintiffs in the amount of $12,640.71. Plaintiffs are not entitled to recover again for that loss.[7] *Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566–67 (6th Cir. 2001) ("Election of remedies is 'the legal version of the idea that a plaintiff may not have his cake and eat it too.' D. Dobbs, Remedies § 1.5 at 14 (1973). The doctrine is remedial in nature and does no more than prevent double recovery. *Id.* at 16."); *U.S. ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 417 (6th Cir. 2002) "[T]he election-of-remedies doctrine is properly invoked to prevent a double recovery based on two causes of actions that arose from the same wrong.") (citing *Hickson Corp.,* 260 F.3d at 566–67).

---

[7] In their motion for default judgment on the DSTA claim, plaintiffs also contend that they are entitled to $12,640.71 in addition to their actual damages because the DSTA allows for "double damages." (Doc. No. 17 at 7.) But plaintiffs are not entitled to this relief. The DTSA provides that "if the trade secret is willfully and maliciously misappropriated, [the Court may] award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B) [for actual damages and unjust enrichment]." 18 U.S.C. § 1836(b)(3)(C); *see also Xoran Holdings LLC v. Luick*, No. 16-cv-13703, 2017 WL 4039178, at *7 (E.D. Mich. Sept. 13, 2017) (Recovery of exemplary damages under the DTSA requires not only willful misappropriation but also that the misappropriation be conducted with malice.) (citing 18 U.S.C. § 1836(b)(3)(C)). "'Malice' is not defined in the DTSA, but courts typically look to the state UTSA when interpreting the DTSA inasmuch as the two are substantively identical." *Trent P. Fisher Enterprises, LLC v. SAS Automation, LLC*, No. 3:20-cv-216, 2021 WL 1209637, at *5–6 (S.D. Ohio Mar. 31, 2021) (citing *Kuryakyn Holdings v. Ciro*, 242 F. Supp. 3d 789, 797 (W.D. Wis. 2017)). "Under Ohio law, 'malice' is the 'state of mind under which a person intentionally does a wrongful act without a reasonable[,] lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent.'" *Id.* at *5 (quoting *Criss v. Springfield Twp.*, 564 N.E. 2d 440, 443 (1990) (citing *Black's Law Dictionary* 956 (6th ed. 1990))). Plaintiffs simply assert in the motion that "the federal DTSA provides for double damages, making Plaintiffs' recoverable damages $25,281.42[]" (Doc. No. 17 at 7), but do not point to any factual allegations in the complaint, attachments thereto, or any documentation to support a claim for additional damages under the statute even if plaintiffs were entitled to relief under the DTSA for actual damages.

### C. Conclusion

For all of the foregoing reasons, plaintiffs' motion for default judgment against Bree for breach of contract in the amount of $12,640.71, and for an award of costs in the amount of $400.00, is granted. Because plaintiffs seek the same damages against Bree for the same wrong under various theories of liability, the Court declines to enter default judgment against Bree on plaintiffs' remaining default judgment claims for the reasons cited herein and "in order to avoid the potential for double recovery." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-cv-54, 2020 WL 6302650, at *3 (E.D. Ky. May 4, 2020) (declining to enter a default judgment on the alternative theories in order to avoid the potential for double recovery) (citing among authority *CMA CGM S.A. v. Dubitec Am., Inc.*, No. 2:14-cv-608, 2015 WL 5837571, at *4 (E.D. Va. Oct. 2, 2015) ("Upon this Court's finding that the parties had valid written contracts and Defendant breached those contracts, a contemporaneous finding of liability on any of these alternative claims would amount to awarding Plaintiff a double recovery because these alternative claims concern the same obligations set forth in the service contracts.").

All claims in plaintiffs' complaint for which plaintiffs have not sought default judgment or otherwise pursued are deemed abandoned. *See J & J Sports Prods., Inc. v. B O B Lounge, LLC*, No. 17-cv-11350, 2018 WL 300362, at *4 (E.D. Mich. Jan. 5, 2018) (treating conversion claim as abandoned where plaintiff did not seek default judgment or otherwise pursue that claim) (citation omitted). This case is closed.

**IT IS SO ORDERED**.

Dated: January 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**